IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID L. MILLER, 1228416, )
        Plaintiff, )
 )
v. ) No. 3:08-CV-572-L
 ) ECF
UTMB, ET AL., )
        Defendants. )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties**

Plaintiff is currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). He brings this suit pursuant to 42 U.S.C. § 1983. Defendants are the University of Texas Medical Branch ("UTMB"), Doctor Sheri Talley, physician's assistant Keith Siedel, psychiatric staff member Roxie Ingram, and the nurse staff at the Ellis Unit in Huntsville, Texas.

**II. Background**

Plaintiff was previously incarcerated on the James Lynaugh Unit in Fort Stockton, Texas. He alleges that during his incarceration Defendants Tally, Siedel and Ingram gave him medication that caused a painful knot in his stomach, dizziness, blurred vision, headaches and weakness. Plaintiff also claims that Defendant UTMB refused to perform surgery on his

**Findings and Conclusions of the
United States Magistrate Judge**     Page -1-

shoulder.

Plaintiff is currently housed on the Ellis Unit in Hunstville, Texas. He states that the nursing staff in Huntsville has failed to adequately respond to his medical complaints.

Plaintiff seeks punitive damages, injunctive and declaratory relief.

## III. Discussion

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**A.  UTMB**

Plaintiff names the UTMB as a Defendant.  The Fifth Circuit has held that the UTMB is an agency of the State of Texas and, as such, is immune to suit in federal court under the Eleventh Amendment.  *Sampson v. United States*, 73 Fed. Appx. 48, 49 (5th Cir. 2003) (unpublished per curiam).  Plaintiff's claims against UTMB should therefore be dismissed.

**B.  Transfer**

Plaintiff's remaining claims should be transferred.  Venue in a civil rights action is governed by 28 U.S.C. § 1391(b).  *See Davis v. Louisiana State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989).  This statute provides that civil cases not founded solely on diversity of citizenship must be brought in the judicial district where: (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) where any defendant may be found if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  The court may also transfer a civil action to any proper judicial district or division "for the convenience of the parties and witnesses, in the interest of justice."  *Id*. § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975).

In this case, Plaintiff's claims against Defendants Tally, Siedel and Ingram arise out of events that occurred in Fort Stockton, Texas.  Fort Stockton lies within the Western District of Texas, Pecos Division.  *See* 28 U.S.C. § 102.  Accordingly, these claims should be transferred to the United States District Court for the Western District of Texas, Pecos Division, "for the convenience of the parties and witnesses, in the interest of justice" pursuant to 28 U.S.C. § 1404(a).

Plaintiff's claims against the Ellis Unit nurses staff arise out of events that occurred in

Huntsville, Texas. Huntsville lies within the Southern District of Texas, Houston Division. *See* 28 U.S.C. § 102. Accordingly, these claims should be transferred to the United States District Court for the Southern District of Texas, Houston Division, "for the convenience of the parties and witnesses, in the interest of justice" pursuant to 28 U.S.C. § 1404(a).

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims the UTMB should be dismissed with prejudice as frivolous; (2) Plaintiff's claims against Defendants Tally, Siedel and Ingram should be transferred to the United States District Court for the Western District of Texas, Pecos Division; and (3) Plaintiff's claims against the Ellis Unit nurses staff should be transferred to the United States District Court for the Southern District of Texas, Houston Division.

Signed this 28th day of July, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).