IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID MILLER, 1228416**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-0572-L** |
| | § | |
| **UTMB, et al.**, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the court is Plaintiff's Second Amended Complaint, filed June 26, 2008. Pursuant to Special Order 3-251, this case was referred to United States Magistrate Judge Paul D. Stickney on April 1, 2008. On July 28, 2008, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") was filed. After receiving an extension of the deadline to file his objections, Petitioner filed objections to the Report on August 12, 2008.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. He contends that, without his consent, Defendants administered certain medication to him that caused a painful knot in his stomach, dizziness, blurred vision, headaches, and weakness. He also contends that they refused to perform surgery on his shoulder to relieve pain. The magistrate judge found that (i) sovereign immunity bars Plaintiff's claims against UTMB and recommends that these claims be dismissed (ii) pursuant to 28 U.S.C. § 1404(a), Plaintiff's claims against Defendants Sheri Tally, Keith Siedel, and Roxie Ingram should be transferred to the Western District of Texas, Pecos Division; and (iii) pursuant to 28 U.S.C. § 1404(a), Plaintiff's claims against Defendant Ellis Unit Nurse Staff should be transferred to the Southern District of Texas, Houston Division.

**Order – Page 1**

Although entitled objections, the document that Plaintiff filed in response to the Report contains additional arguments regarding the merits of his claims.[1] Because these arguments do not object to any portion of the Report, the court will not consider them in determining whether to accept the magistrate judges recommendations. *See United States v. Gibbs*, 421 F.3d 352 (5th Cir. 2005). Moreover, because Plaintiff failed to make these arguments to the magistrate judge, he is barred from making them now. *Parrott v. Commissioner S.S.A.*, 914 F. Supp. 147, 149 (E.D. Tex., 1996); *See also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Accordingly, the court **overrules** Plaintiff's objections.

Having reviewed the complaint, record, and the Report in this case, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court.[2] Accordingly, the court **dismisses without prejudice** Plaintiff's claims against UTMB ; **transfers** Plaintiff's claims against Defendants Sheri Tally, Keith Siedel, and Roxie Ingram to the Western Division of Texas, Pecos Division; and **transfers** Plaintiff's claims against Defendant Ellis Unit Nurse Staff to the Southern Division of Texas, Houston Division.

---

[1] Plaintiff also requests that the court appoint counsel. In light of the disposition of this case, the court **denies as moot** Plaintiff's request to appoint counsel.

[2] In his Report, the magistrate judge sets forth the venue statute and finds that the claims against all Defendants except UTMB should be transferred to another venue. He does not make an express finding that venue is improper in the Northern District of Texas, Dallas Division and he recommends transfer for the convenience of the parties (section 1404(a)) rather than for improper venue (section 1404(b)). Because the events giving rise to this action occurred in Fort Stockton and Huntsville and the individual Defendants work and likely reside in Fort Stockton and Huntsville, the court accepts the magistrate judge recommendation to transfer these claims under section 1404(a) .

**Order – Page 2**

**It is so ordered** this 27th day of August, 2008.

_____
Sam A. Lindsay
United States District Judge